IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TABITHA REDENBAUGH,** | : |
| Plaintiff, | : CIV. ACTION NO. 2:22-cv-1779 |
| v. | : |
| | : **COMPLAINT** |
| **UNITED STATES STEEL CLAIRTON WORKS,** | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Tabitha Redenbaugh, by and through undersigned counsel, The Lacy Employment Law Firm LLC, hereby files this Complaint against Defendant and states as follows:

### PROCEDURAL AND ADMINISTRATIVE REMEDIES

1. All the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if set forth herein at length.

2. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

3. On or about December 9, 2021, Plaintiff dual-filed a charge with the Pittsburgh office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania

Human Relations Commission alleging failure to accommodate.[1] *See* EEOC Charge of Discrimination, attached as Exhibit 1.

4. The EEOC issued a Right to Sue letter ("Right to Sue") and Plaintiff timely filed the above-captioned action on or before 90 days from receipt of the Right to Sue that the EEOC issued. *See* Exhibit 2.

5. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6. Plaintiff Tabitha Redenbaugh is a disabled 51-year old woman who was previously employed at United States Steel Corporation Clairton Works. Ms. Redenbaugh resides at 427 Jamie Drive, Rostraver Township, PA 15012.

7. Defendant United States Steel Corporation Clairton Works ("U.S. Steel"), upon information and belief, is located at 400 State Street, Clairton, PA 15025.

## FACTUAL BACKGROUND

8. U.S. Steel hired Ms. Redenbaugh on November 11, 2002 as a Chemical Analyst. She last reported to work on August 2, 2020, but still remains employed by U.S. Steel.

9. Ms. Redenbaugh's job responsibilities include contaminated water treatment, plant sample and environmental sample collection, preparation, performance of instrumental analysis, wet chemistry analysis, field testing in an industrial environment, data interpretation and analysis, preparation and petrographic analysis of coal samples, and analysis of coke samples for sulfur.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced for notice purposes. Plaintiff is required to wait one full year from the time of filing the dual-filed charge to bring claims under the PHRA and PFPO. Plaintiff must however file her lawsuit in advance of the same because of the date of issuance of her federal right-to-sue letter.

10. In 2014, U.S. Steel began requiring that all lab employees wear metatarsal boots from the company's approved list when working in the lab. Ms. Redenbaugh has a foot deformity that requires her to wear extra wide shoes, and none of the metatarsals from the company's approved list fit her deformity. Accordingly, Ms. Redenbaugh requested shoes that fit properly. Specifically, she requested custom made shoes to alleviate the intense pain that results from wearing ill-fitting shoes.

11. At least one other employee who had similar issues with the boots was given a job elsewhere where they didn't have to wear the boots. It is also well known that employees who are injured on the job can be placed in other union positions that can meet their accommodations.

12. In response to Ms. Redenbaugh's request for an accommodation, U.S. Steel summarily denied the request.

13. After U.S. Steel denied her request, in order to work in the lab, Ms. Redenbaugh had no choice but to wear shoes that did not fit her properly. As a result, Ms. Redenbaugh developed severe injuries, including plantar fasciitis, multiple stress fractures, and Morton's Neuroma to both of her feet.

14. In order to treat these injuries, on multiple occasions Ms. Redenbaugh had to undergo surgery and receive injections.

15. After Ms. Redenbaugh had her surgeries in August of 2020, she received salary continuance which went to sickness and accident pay, valued at around 68-70% of her pay based on a 40 hour work week. However, she continued to work overtime and made well above what she received.

16. Ms. Redenbaugh continued to repeatedly request an accommodation, but instead of engaging in the interactive process, U.S. Steel began ignoring Ms. Redenbaugh. For instance,

Becky Bloom, a senior director in human resources, repeatedly refused to communicate with Ms. Redenbaugh regarding her accommodation request and ignored all of Ms. Redenbaugh's calls.

17. Ms. Redenbaugh's accommodation request was also ignored by doctors at the company's medical clinic. For instance, Dr. Melani Cheers made no response to Ms. Redenbaugh's accommodation request and instead expressed that she was tired of hearing complaints about the shoes.

18. On April 28, 2021, Ms. Bloom and Safety and Security Manager Glendon Hilliard called Ms. Redenbaugh and informed her that she was not allowed to come back to work, effectively placing her on administrative leave.

19. In January 2022, Ms. Redenbaugh was awarded worker's compensation. When she attempted to figure out how she could get back to work, Becky Bloom told her to "just stay home and do nothing." Ms. Redenbaugh tried to get back to work through plant medical, but U.S. Steel refused to let her return.

## COUNT I
**Violation of the Americans with Disabilities Act ("ADA"), as Amended**
*Failure to Accommodate a Disability*

20. Plaintiff suffered from qualifying health conditions under the ADA that affected her ability at certain times to perform daily life activities.

21. Defendant was at all times an employer with more than 15 employees and subject to the ADA.

22. Plaintiff's disability is recognized as disability under the ADA.

23. Plaintiff was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation.

24. Plaintiff informed Defendant's managers/supervisors of her foot deformity. She also informed them of the need for medical treatment and/or accommodations.

25. Despite Plaintiff's health conditions and limitations, she was still able to perform the duties of her job with or without reasonable accommodations.

26. Plaintiff requested a reasonable accommodation in the form of custom made shoes that fit her deformity to eliminate the intense pain that resulted from wearing ill-fitting shoes. Defendant placed Plaintiff on administrative leave because of, and in retaliation for, requesting a reasonable accommodation under the ADA.

27. Defendant failed to participate in the interactive process required by the ADA for determining whether a reasonable accommodation is possible.

28. Defendant's actions in subjecting Plaintiff to discrimination based on her actual and/or perceived disabilities and/or record of impairment, and retaliating against her for requesting a reasonable accommodation for Plaintiff's disabilities.

29. As a result of unlawful, discriminatory, and retaliatory employment practices in violation of the ADA of which Defendant engaged, Plaintiff sustained permanent and irreparable harm, resulting in termination from employment, which caused loss of earnings, plus the value of certain benefits, loss of future earning power, back pay, front pay and interests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a) Declaring the acts and practices complained of herein to be in violation of the ADA and the PHRA;

b) Enjoining and permanently retraining the violations alleged herein;

c) Entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

d) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

e) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

f) Awarding punitive damages to Plaintiff;

g) Awarding Plaintiff such other damages as are appropriate under ADA and the PHRA;

h) A jury trial trial is demanded on all triable issues in this case;

i) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

j) Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

| | |
|---|---|
| Dated: December 11, 2022 | <u>*/s Andrew Lacy, Jr. Esq.*</u><br>**THE LACY EMPLOYMENT LAW FIRM LLC**<br>3675 Market Street<br>Philadelphia, PA 19104<br>(t) 412-301-3908<br>andrew.lacy@employment-labor-law.com<br><br>*Counsel for Plaintiff* |